07-CV-00685-CMP

___ FILED   ___ ENTERED
___ LODGED   ___ RECEIVED

MAY 03 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHELLE ADAMS, individually and on
behalf of all others similarly situated,

            Plaintiff,

    v.

MENU FOODS, a foreign corporation,

            Defendant.

No. CV07-0685 RSM

CLASS ACTION COMPLAINT

Plaintiff Michelle Adams ("Plaintiff"), by and through her undersigned attorneys, brings this civil action for damages on behalf of herself and all others similarly situated against the above-named Defendant and complain and allege as follows:

## I.     NATURE OF ACTION

1.     Plaintiff brings this action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the food.

2.     The Defendant is a producer of, *inter alia*, dog and cat food. Menu Foods produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such as Wal-Mart, Kroger and Safeway.

CLASS ACTION COMPLAINT - 1
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

ORIGINAL

001958-11 169558 V1

Dockets.Justia.com

3.      Dog and cat food that the Defendant produced caused an unknown number of dogs and cats to become ill, and many of them to die.

4.      To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and gravy wet" style.

5.      As a result of the Defendant's actions, Plaintiff and other Class members have suffered economic damage.

## II.    PARTIES

6.      Plaintiff Adams has at all material times been a resident of Shoreline, Washington. Ms. Adams had a pet that became sick after eating Defendant's pet food.

7.      Defendant Menu Foods is, upon information and belief, a corporation organized under the laws of Canada that transacts business in Washington State.

## III.    JURISDICTION AND VENUE

8.      Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

9.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the Defendant systematically and continuously sold its product within this district and Defendant transacts business within this district.

## IV.    CLASS ACTION ALLEGATION

10.      Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food that was produced by the Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiff reserves the right to modify this class definition before moving for class certification.

CLASS ACTION COMPLAINT - 2
Case No.

**HB**

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 169558 V1

11.     The Class is ascertainable and there is a well-defined community of interest among the members of the Class.

12.     Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

13.     Plaintiff's claims are typical of those of other Class members, all of whom have suffered harm due to Defendant's uniform course of conduct.

14.     Plaintiff is a member of the Class.

15.     There are numerous and substantial questions of law and fact common to all of the members of the Class that control this litigation and predominate over any questions affecting only individual members of the Class. The common issues include, but are not limited to, the following:

(a)     Was the Defendant's dog and cat food materially defective, and unfit for use as dog or cat food?

(b)     Whether Defendant breached any contract, implied contract or warranties related to the sale of the dog and cat food?

(c)     Did the Defendant's dog and cat food cause Plaintiff's and other Class members' pets to become ill?

(d)     Were Plaintiff and other Class members damaged, and, if so, what is the proper measure thereof?

(e)     The appropriate form of injunctive, declaratory and other relief.

16.     The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for the Defendant – for example, one court might decide that the Defendant is obligated under the law to pay damages to Class members,

CLASS ACTION COMPLAINT - 3
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  169558 V1

1   and another might decide that the Defendant is not so obligated. Individual actions may, as a

2   practical matter, be dispositive of the interests of the Class.

3       17.    Plaintiff will fairly and adequately protect the interests of the Class in that she has

4   no interests that are antagonistic to other members of the Class and has retained counsel

5   competent in the prosecution of class actions to represent herself and the Class.

6       18.    A class action is superior to other available methods for the fair and efficient

7   adjudication of this controversy. Given (i) the substantive complexity of this litigation; (ii) the

8   size of individual Class members' claims; and (iii) the limited resources of the Class members,

9   few, if any, Class members could afford to seek legal redress individually for the wrongs

10  Defendant has committed against them.

11      19.    Without a class action, the Class will continue to suffer damage, Defendant's

12  violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

13  the fruits and proceeds of its unlawful misconduct.

14      20.    This action will foster an orderly and expeditious administration of Class claims,

15  economies of time, effort and expense, and uniformity of decision.

16      21.    Inferences and presumptions of materiality and reliance are available to obtain

17  class-wide determinations of those elements within the Class claims, as are accepted

18  methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

19  common liability, the Court can efficiently determine the claims of the individual Class

20  members.

21      22.    This action presents no difficulty that would impede the Court's management of it

22  as a class action, and a class action is the best (if not the only) available means by which

23  members of the Class can seek legal redress for the harm caused them by Defendant.

24      23.    In the absence of a class action, Defendant would be unjustly enriched because it

25  would be able to retain the benefits and fruits of its wrongful conduct.

26      24.    The Claims in this case are also properly certifiable under applicable law.

CLASS ACTION COMPLAINT - 4
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001938-11 169558 V1

## V.   STATEMENT OF FACTS

25.   Plaintiff Michelle Adams is the owner of a female therapy dog, named Madison.

26.   Ms. Adams purchased Priority soft dog food at Safeway for Madison to consume.

27.   Madison ate the Priority brand dog food before she became ill.

28.   The dog became extremely ill after eating the Priority dog food.  Ms. Adams took Madison to a veterinarian, who informed her that Madison had suffered kidney failure, also known as acute renal failure.  Madison was able to recover from the illness; however, Ms. Adams incurred substantial veterinary bills to save her dog's life.

29.   In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill.  One common symptom in the sick animals was kidney failure.

30.   The Priority food Madison consumed before her illness is one of the brands that Menu Foods recalled.

31.   As a result of Defendant's acts and omissions Plaintiff and other Class members have suffered economic damage.

## VI.   BREACH OF CONTRACT

32.   Plaintiff realleges all prior allegations as though fully stated herein.

33.   Plaintiff and Class members purchased pet food produced by the Defendant based on the understanding that the food was safe for their pets to consume.

34.   The pet food produced by the Defendant was not safe for pets to consume and caused dogs and cats to become ill.  The unsafe nature of the pet food constituted a breach of contract.

35.   As a result of the breach Plaintiff and Class members suffered damages that may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

CLASS ACTION COMPLAINT - 5
Case No.

001958-11 169558 V1

HB

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623 0594

## VII.    UNJUST ENRICHMENT

36.    Plaintiff realleges all prior allegations as though fully stated herein.

37.    Defendant was and continues to be unjustly enriched at the expense of Plaintiff and other Class members.

38.    Defendant should be required to disgorge this unjust enrichment.

## VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

39.    Plaintiff realleges all prior allegations as though fully stated herein.

40.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

41.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial portion of the public and to affect the public interest.

42.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiff and other Class members suffered injuries in an amount to be proven at trial.

## IX.    BREACH OF WARRANTIES

43.    Plaintiff realleges all prior allegations as though fully stated herein.

44.    Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

45.    Defendant's conduct as described herein constitutes breach of an implied or express warranty of affirmation.

46.    Defendant's conduct as described herein constitutes breach of an implied warranty of merchantability.

47.    Defendant's conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

CLASS ACTION COMPLAINT - 6
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue. Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  169558 V1

1    48.    As a proximate result of the aforementioned wrongful conduct and breach,

2  Plaintiff and other Class members have suffered damages in an amount to be proven at trial.

3  Defendant had actual or constructive notice of such damages.

## X.    PRAYER FOR RELIEF

5    WHEREFORE, Plaintiff and Class members request that the Court enter an order of

6  judgment against Defendant including the following:

7    Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules

8  of Civil Procedure with respect to the claims for damages, and appointment of Plaintiff as Class

9  Representative and her counsel of record as Class Counsel;

10    Actual damages (including all general, special, incidental, and consequential damages),

11  statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the

12  states having a legally sufficient connection with Defendant and its acts or omissions) and such

13  other relief as provided by the statutes cited herein;

14    Prejudgment and post-judgment interest on such monetary relief;

15    Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal

16  profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged

17  herein;

18    Other appropriate injunctive relief;

19    The costs of bringing this suit, including reasonable attorneys' fees; and

20    Such other relief as this Court may deem just, equitable and proper.

21    DATED this 3rd day of May, 2007.

22

23

24

25

26

CLASS ACTION COMPLAINT - 7
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 169558 V1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HAGENS BERMAN SOBOL SHAPIRO LLP


By: _____
Steve W. Berman, WSBA #12536
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com


MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington 98101
Telephone: (206) 398-1188
Facsimile: (206) 400-1112
E-mail: mmyers@myers-company.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT - 8
Case No.

HB
HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  169558 V1